UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John Richard Daly

    v.                                                 Civil No. 16-cv-179-JL
                                                     Opinion No. 2017 DNH 085

Nancy A. Berryhill, Acting
Commissioner, Social Security
Administration

**CORRECTED ORDER ON APPEAL**

John Richard Daly appeals the Social Security Administration's ("SSA") denial of his application for disability and supplemental security benefits. An Administrative Law Judge ("ALJ") found that Daly suffered from the following severe impairments: asymptomatic human immunodeficiency virus (HIV), chronic obstructive pulmonary disease (COPD), coronary artery disease, and right coronary artery status post stent insertion. The ALJ also found that Daly suffered from several non-severe impairments: neck pain, kidney disease, hyperlipidemia and depression. The ALJ ultimately found that Daly was not disabled within the meaning of the Social Security Act because he has sufficient residual functional capacity ("RFC") to perform, with some restrictions, his past relevant work as a convenience store clerk, medical records clerk, ticket agent or telephone representative.[1] See 42

---

[1] Administrative Record ("Admin. R.") at 11-21.

U.S.C. § 423(d)(2)(A). The SSA Appeals Council subsequently denied Daly's request for review of the ALJ's decision, rendering the ALJ's decision final.[2] Daly timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Daly moved to reverse the SSA's decision or, alternatively to remand it for further consideration.[3] The Acting Commissioner moved to affirm the denial of benefits.[4]

Daly argues that the ALJ's RFC finding was based on an improper weighing of medical evidence. After consideration of the parties' arguments and the administrative record, the court finds the record evidence sufficient to support the ALJ's decision. Therefore, the Acting Commissioner's motion is granted and Daly's is denied.

I. **Standard of Review**

The court's review of the SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The ALJ's decision will be upheld if it is supported by substantial

---

[2] Admin. R. at 1-3.

[3] Doc. no. 8.

[4] Doc. no. 11.

evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This is less evidence than a preponderance but "more than a mere scintilla." Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence. Consolo, 383 U.S. at 620. Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

## II. Background[5]

In analyzing Daly's benefit application, the ALJ invoked the required process. See 20 C.F.R. § 416.920. First, she concluded that Daly had not engaged in substantial work activity after the alleged onset of his disability on January 21, 2013.[6]

---

[5] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 10) is incorporated by reference. See L.R. 9.1(d).

[6] Admin. R. at 13.

Next, the ALJ determined that Daly suffered from several severe impairments: asymptomatic human immunodeficiency virus (HIV), chronic obstructive pulmonary disease (COPD), coronary artery disease, and right coronary artery status post stent insertion.[7] See 20 C.F.R. § 416.1520(c). At the third step, the ALJ concluded that Daly's impairments -- either individually or collectively -- did not meet or "medically equal" one of the listed impairments in the Social Security regulations.[8] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The ALJ next found that Daly had the RFC to perform light work, with several limitations: he can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds; he can frequently stoop and crouch, and can occasionally crawl; he should avoid exposure to extreme heat, moderate humidity and moderate respiratory irritants; he needs to be within 50 yards of a bathroom; he needs the option to change between sitting and standing for 1-2 minutes every 30 minutes in the immediate vicinity of his workstation.[9] See 20 C.F.R. §§ 404.1567(b) and 416.967(b).

---

[7] Id. at 13-14.

[8] Id. at 16-17.

[9] Id. at 17.

Finally, at step four, the ALJ found that Daly could perform his past relevant work as a convenience store clerk, medical record clerk, ticket agent, or telephone representative, none of which would be precluded by the limitations in his RFC. The ALJ accordingly found that Daly was not disabled, with the meaning of the Social Security Act. See 42 U.S.C. § 423(d).

### III. Analysis

Daly argues that, in formulating the RFC, the ALJ did not adequately consider the physical limitations created by COPD, his heart impairment, the need to frequently use the bathroom due to side effects from his HIV medication, as well as limitations created by depression and obsessive compulsive disorder. The court finds, however, that the record adequately supports the ALJ's consideration of these issues.

A. COPD

The ALJ recognized that the record contained evidence of Daly's COPD, observing that a May 2012 study showed a moderately severe defect.[10] However, the ALJ also noted that Daly's use of a bronchodilator improved his condition.[11] Moreover, in February

---

[10] Id. at 19.

[11] Id. at 19, 534.

2014, Dr. Buono, one of Daly's treating physicians, reported that Daly's COPD had been well-managed with occasional albuterol use.[12]  His COPD was also well-controlled and stable several months later, at which time Dr. Buono noted that Daly had been using an inhaler when needed.[13]  Based on these observations, the ALJ included in Daly's RFC a restriction to only moderate exposure to humidity and respiratory irritants and complete avoidance of extreme heat.[14]  In this appeal, Daly points to his testimony that the COPD left him exhausted and reiterates the fact that a pulmonary function test revealed the condition,[15] a fact which, as previously noted, the ALJ considered.  As for Daly's testimony, the ALJ found that his statements concerning his symptoms were "not entirely credible" given the contrast between his testimony and the medical record.[16]  Daly has not challenged the ALJ's credibility determination.  See Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 755, 769 (1st

---

[12] Id. at 19, 448.

[13] Id. at 19-20, 529.

[14] Id. at 20.

[15] Plaintiff's Motion (doc. no. 8-1) at 3.

[16] AR at 18

Cir. 1991) ("It is the responsibility of the Secretary to determine issues of credibility . . . .").

B. Cardiac disease

The ALJ noted that in 2008 Daly had been diagnosed with coronary artery disease, had a stent placed in his right coronary artery, and had undergone repeat angioplasties.[17] The ALJ cited subsequent record evidence showing "significant[] recover[y]," with little additional symptomology.[18] While Daly reported occasional shortness of breath and chest pain with activity to his cardiologist in January 2013, he related to Dr. Buono a year later that a recent visit to his cardiologist showed no acute concerns over his heart condition.[19] The ALJ further noted that positive reports continued into 2014: stress test reports were negative; Daly reported that he was able to go hiking; and finally, an August 2014 cardiac examination revealed a regular heart rate and rhythm.[20] On appeal, Daly notes only that his cardiac condition required hospitalization in 2011.[21]

---

[17] Id.

[18] Id. at 19.

[19] Id.

[20] Id.

[21] Plaintiff's Motion (doc. no. 8-1) at 3.

The court finds no error in the ALJ's weighing of the record evidence regarding Daly's cardiac issues.

C. HIV and medication side-effects

Daly testified that he was diagnosed with HIV more than 25 years ago and that side effects from medication have resulted in frequent episodes of diarrhea which would cause him to use the bathroom four to six times during a normal work shift and prevent him from working.[22] The ALJ accounted for this testimony by including the limitation in Daly's RFC assessment that he be within 50 yards of a bathroom.[23] As the ALJ noted, however, in an August 2014 visit to his infectious disease specialist (roughly two months prior to his hearing testimony), Daly provided a negative history for diarrhea and denied any adverse reactions to his HIV medication.[24] In addition, the ALJ gave "great consideration" to the treatment notes of Dr. Buono (Daly's primary care physician), to whom Daly reported "no changes in bowel habits" in February and March of 2014.[25] It was well within the ALJ's purview to resolve the conflict between

---

[22] AR at 18, 48-49, 59-60.

[23] Id. at 17.

[24] Id. at 517, 519.

[25] Id. at 20, 532, 534.

Daly's testimony and the medical record. See Irlanda Ortiz, 955 F.2d at 769 ("Indeed, the resolution of conflicts in the evidence is for the Secretary, not the courts.") (citing Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

D. Mental health

Daly argues that the ALJ underplayed his mental health impairments because she placed too much weight on the opinions of state agency psychologist Laura Landerman, Ph.D. and consultative psychiatrist Edward Drummond, M.D.,[26] neither of whom examined Daly after 2013. Dr. Landerman opined that Daly's mental impairments resulted only in mild restrictions. Dr. Drummond found that Daly had moderate mental limitations but could perform significant mental functions. Instead, Daly argues, the ALJ should have given great weight to the opinion of Randall O'Brien, LICSW, the therapist with who treated Daly in 2014. O'Brien opined that Daly's mental and physical limitations prevent him from working.[27]

The ALJ supportably gave O'Brien's opinion little weight because his opinion on Daly's ability to work was an issue

---

[26] Id. at 14-15.

[27] Id. at 539-540.

"reserved to the Commissioner."  See Coppola v. Colvin, 2014 DNH 033, 14 (observing that opinion that claimant is "disabled" is an opinion on an issue reserved to the Commissioner and is not entitled to controlling weight or special significance); see also, 20 C.F.R. §§ 404.1527(d), 416.927(d).

Moreover, the ALJ correctly observed that O'Brien was not an "acceptable medical source" and therefore not a "treating source" whose opinions must ordinarily be given controlling weight.[28]  Labrecque v. Colvin, 2015 DNH 098, 8-9; 20 C.F.R. §§ 416.902, 416.913(d)(1) (defining a "treating source" as, inter alia, an "acceptable medical source" and excluding therapists). While it would have been improper for the ALJ to ignore O'Brien's opinion entirely, see Alcantara v. Astrue, 257 F. App'x 333, 334-35 (1st Cir. 2007), the ALJ was entitled to give the opinion "little weight," as he did here.

Daly also argues that Drs. Landerman and Drummond's opinions could not constitute substantial evidence to support the ALJ's RFC determination because later evidence -- O'Brien's opinion -- supported a finding that Daly was disabled.  It is true that under some circumstances, an opinion that is based on review of only part of the record cannot provide substantial

---

[28] Id. at 15.

evidence to support the ALJ's residual functional capacity finding.  See Alcantara, 257 F. App'x at 334.  But that rubric only applies "if other evidence, <u>not reviewed</u>, supports the claimant's limitations."  McGowen v. Colvin, 2016 DNH 056, 15-16. (citing Alcantara, 257 F. App'x at 334).  Here, as noted, the ALJ reviewed, discussed, and supportably weighed the O'Brien opinion, finding that, in addition to the shortcomings listed above, it was "inconsistent with the objective findings"[29] contained in the record, and thus does not support Daly's claimed limitations.

**IV. Conclusion**

The court finds that the ALJ's consideration of Daly's physical and mental impairments were supported by substantial evidence.  While Daly asserts that the ALJ erred in finding that he could return to his past relevant work because of his limitations, this is little more than a restatement of his argument that the medical evidence was improperly evaluated, an argument the court has already rejected.  The ALJ presented the limitations he supportably found to the vocational expert, who testified that Daly could return to his past work as a ticket agent or telephone representative in the manner he performed it,

---

[29] Id. at 15.

or as a medical records clerk or convenience store clerk as defined in the Dictionary of Occupational Titles.[30]  As such, the plaintiff has failed to meet his burden of demonstrating that his impairments prevent him from performing his former type of work.  Gray v. Heckler, 760 F.2d 369, 372 (1st Cir. 1985).

Accordingly, the Acting Commissioner's motion to affirm[31] is GRANTED and the claimant's motion to reverse or remand[32] is DENIED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 28, 2017

cc:  John A. Wolkowski, Esq.
     Robert J. Rabuck, AUSA

---

[30] AR at 64-68.

[31] Doc. no. 11.

[32] Doc. No. 8.